Macomber, J.
This action is brought to recover a balance of $1,000 remaining unpaid upon a contract for polishing and varnishing the woodwork in the houses of the defendant, and secondly to recover $833.50, the amount alleged to be due the plaintiffs for extra material and services rendered by them to the defendant in such work, but which were furnished and made outside of the terms of the contract. The jury rendered a verdict for both causes of action and rejected wholly the counter-claim made by the defendant for damages for the non-performance by the plaintiffs of the work contracted for.
The contract required the plaintiffs to complete the work in the best workmanlike manner, under the superintendence of the defendant’s foreman, William Picken, and the work to be done as well as the parlor floor in 589 Fifth avenue. It further required the buildings to be completely finished to the satisfaction of the owner or his superintendent, and pending the expression of their satisfaction, the sum of $5,000 was to remain unpaid. Notwithstanding this provision, however, the defendant, from time to time paid to *315 the plaintiffs of this reserved fund of $5,000 the sum of $4,000, leaving, as before stated, only $1,000 unpaid upon the whole contract. „ This is explained, however, by the defendant who says that he did it through the great importunity of the plaintiffs or one of them, and in order to induce the plaintiffs to proceed with the work when they were threatening to abandon it altogether. There is, therefore, nothing to be taken against the defendant by reason of advancing four-fifths of this reserved fund which he was not ■obliged to pay until the final completion of the work.
The evidence was conflicting. We have examined in ■detail the testimony given in behalf of the plaintiffs, and find, as the result therefrom, that apparently credible witnesses testified that the work, was done in the best workmanlike manner, and that two of the witnesses testified that after the finishing of the work as they supposed, they asked the defendant if there was anything more for them to do in order to fully complete the contract, and that the •defendant replied that there was not.
In behalf of the defendant, witnesses were called whose testimony, with more or less directness, is to the effect that some portions of the work were improperly done. So much for the evidence as it relates to a recovery upon the original written contract.
In respect to the claim for additional labor, the evidence was equally conflicting, and yet we find in it clear and positive testimony upon which a verdict of a jury could safely rest in favor of the claim made therefor. The testimony adduced for the defendant was to the effect that a portion of the claim for extra services and materials was, according to the custom of the trade, embraced within the written contract. There was, therefore, a clear conflict of evidence upon all branches of the case which rendered it necessary for the court to submit the case to the jury, which was done with a full and certainly not unfair statement of the condition of the evidence for the respective parties. It follows, therefore, that the judgment must be affirmed unless some error was committed by the trial judge in the construction which he put, both in his rulings and in his charge to the jury, upon the terms of the written contract. The only expression contained in the contract which was out of the ordinary run of agreements is, that the work should be done to the entire satisfaction of the defendant. The court instructed the jury, as we think properly, that this term should be construed in connection with the other portions of the contract, and that if they found that the work was done in the best workmanlike manner as another part of the contract provided, the defendant was bound to be satisfied and could not arbitrarily and without reason, *316 avoid responsibility by simply saying he was not satisfied We are of the opinion that the learned trial judge adopted adopted the true construction of this agreement; that no-error was committed, either in his instructions to the jury or upon his rulings upon the evidence, and that' consequently the judgment should be affirmed, with costs. Daniels and Brady, JJ., concur.